IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PEMMIE ALSUP, SGM. TOM ALSUP,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | MEMORANDUM DECISION GRANTING DEFENDANT'S MOTION TO DISMISS<br><br><br><br>Case No. 2:05-CV-000618 TS |

The United States moves to dismiss this case because the Federal Tort Claims Act (FTCA)[1] statute of limitations expired long before Plaintiff Pemmie Alsup (Alsup) filed the complaint. The United States also argues that the complaint should be dismissed because without timeliness, this court has no subject matter jurisdiction. Finally, the United States argues for dismissal of the case because Alsup failed to exhaust all agency remedies. Alsup concedes that the named co-plaintiff, Alsup's husband, is not a properly named plaintiff herein.

The United States brings its Motion to Dismiss under Rule 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim upon which relief may be granted). The

---

[1] 28 U.S.C. § 2401(b).

standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true. Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations.[2]

This Court is reviewing a facial attack on the complaint as to subject matter jurisdiction and therefore accepts the allegations in the Complaint as true.

## I. BACKGROUND/TIME LINE

The following time line of undisputed dates is helpful for a FTCA analysis:

| | |
|---|---|
| July 19, 2002 | Alsup filed her first complaint against the United States; case no. 1:02-CV-89 (Initial Complaint). Her administrative claim was pending against the Air Force when she filed the Initial Complaint. |
| Aug. 13, 2002 | Alsup's claim is denied by the Air Force and Alsup is notified of the six month statute of limitations for appeal. Time begins to run. |
| Feb. 13, 2003 | The six month statute of limitations expired for filing suit against the United States. |
| June 30, 2004 | United States moves to dismiss the Initial Complaint or in the alternative for summary judgment. |
| July 13, 2004 | Letter from Assistant United States Attorney to Alsup discussing voluntary dismissal and warning that Alsup should review the law re: timeliness. |
| July 26, 2004 | Initial Complaint dismissed by voluntary stipulation (without response to pending motions to dismiss or motion for summary judgment). |

---

[2] *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

| | |
|---|---|
| Jan. 27, 2005 | Statute of limitations to bring a tort claim before an administrative agency expires. |
| July 21, 2005 | Present case filed. |

The United States moves to dismiss because Alsup filed this complaint outside the six-month time frame provided by the FTCA and because the FTCA only waives sovereign immunity for timely filed claims. Because sovereign immunity is not waived, the United States claims there is no jurisdiction and that Alsup fails to state a claim upon which relief may be granted.

Alsup asserts that the United States is arguing the Initial Complaint was defective, and based on this defect, she should be granted equitable tolling of the statute of limitations. The Court will first address the law on statute of limitations and sovereign immunity, followed by a review of equitable tolling.

**II.    STATUTE OF LIMITATIONS/ SOVEREIGN IMMUNITY**

The United States argues sovereign immunity applies because the complaint was untimely filed, nearly two and a half years after the statute of limitations expired. Sovereign immunity applies *unless* a tort claim is presented to the administrative agency within two years of the claim or if the claimant filed a civil action within six months of the mailing of the final denial.[3] Although the FTCA uses the word "or" for requirements to file suit, case law requires both elements to be met.[4] Here, the Air Force denied Alsup's claim on Aug. 13, 2002 and Alsup

---

[3] 28 U.S.C. § 2401(b). *Nero v. Cherokee Nation of Okla.*, 892 F.2d 1457, 1464 (10th Cir. 1989) (citations omitted) (holding that plaintiffs must exhaust a jurisdictional bar under the FTCA).

[4] *Pipkin v. United States Postal Serv.*, 951 F.2d 272, 274-75 (10th Cir. 1991), *see also*, Pls.' Mot. in Opp.'n to Mot. to Dismiss, p. 3 (Docket No. 5).

3

filed the current action on July 21, 2005. Thus, Alsup did not file the complaint in a timely manner.

In a Tenth Circuit case, *Pipkin v. USPS*, the court held it must strictly construe the United States' sovereign immunity.[5] There the plaintiff filed a complaint before exhausting all administrative remedies. The first complaint was dismissed without prejudice for failure to prosecute.[6] The second complaint was based on the same claims as the first.[7] The district court dismissed the second complaint's claims because they were not timely, and the Tenth Circuit affirmed the dismissal.[8] As in *Pipkin*, Alsup's subsequent complaint is not timely filed and must be dismissed.

### III.   EQUITABLE TOLLING

Alsup argues that the time for filing should be equitably tolled. Federal courts have allowed equitable tolling only sparingly – when a *defective* pleading was filed during the statutory time or where there was trickery.[9] The Supreme Court has "generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights."[10] Equitable tolling, however, is not applicable to the FTCA.[11] Even

---

[5] *Pipkin*, 951 F.2d at 275 ("In construing the FTCA's statute of limitations, courts should not extend that waiver beyond congressional intent.").

[6] *Id*. at 274.

[7] *Id*.

[8] *Id*. at 275.

[9] *Id.* (emphasis added).

[10] *Id*.

[11] *Wukawitz v. United States*, 170 F.Supp.2d 1165, 1168 (D.Utah 2001).

if equitable tolling applied, it would not apply to this case for two reasons. First, Alsup has not shown her Initial Complaint was defective. Second, the claimed defect in the Initial Complaint is irrelevant because Alsup voluntarily dismissed that case. Nonetheless, Alsup simply argues the time should be equitably tolled without any relevant supporting facts or case law.

Alsup argues that because the United States described the Initial Complaint as defective, it is within the FTCA's equitable tolling provision.[12] In the United States' Memorandum,[13] the United States discusses the attempt to change the defendant to the United States instead of James Roche in the Initial Complaint. The United States, however, never uses the word "defective" to describe this error. Basically, Alsup is arguing that because the government discussed her attempt to amend the Initial Complaint, the Court should find that the government's position is that the Initial Complaint was defective, and therefore equitable tolling applies.[14] If this is Alsup's argument for defectiveness, it fails completely because the Initial Complaint was *voluntarily* dismissed and the Court is only concerned with the case at hand.[15] Alsup pleads with the court for leniency, without legal endorsement, requesting that deficiency may be found and she be allowed to proceed with her claim. Because Alsup did not point out what the supposed defect is,

---

[12] Pls.' Mot. in Opp.'n to Mot. to Dismiss, pp. 2, 4 (Docket No. 5)("The Defendant in its current memorandum has made the arguments that Plaintiff's original filing was defective." The only other mention of defectiveness is when Alsup repeats the above statement and then asks "[i]f this Court finds that the original pleadings were in fact defective Plaintiff would ask that she be allowed to proceed in this manner.").

[13] Def.'s Mem., at 2, n 1.

[14] Pls.' Mot. in Opp.'n to Mot. to Dismiss, p. 4 (Docket No. 5).

[15] Ironically, Alsup needs to amend this Complaint to remove Sgt. Alsup or this court must partially grant the motion to dismiss as to Sgt. Alsup. However, neither side is arguing this creates a defective pleading relevant to the FTCA statute of limitations.

the Court is left to make its own conclusions. Therefore, the Court will not interpret Defendant's Memorandum in Support of its Motion to suggest it took the position that the Initial Complaint was defective.

Alsup argues that the Supreme Court case of *Irwin v. Dept. of Veterans Affairs,* is binding and equitably tolls the statute of limitations when the claimant files a timely but defective pleading.[16] However, *Irwin* did not involve the FTCA. The *Irwin* court held that a complaint filed 14 days after the EEOC statute of limitations expired was outside the "absolute jurisdictional limit."[17] Equitable tolling does not apply here. Even if it did, Alsup would not be entitled to it because she has not shown she filed a timely but defective complaint.

## IV.   CONCLUSION

Under the guidance of *Pipkin* and *Wukawitz*, this Court must grant the motion to dismiss. Congress intended to protect the United States and protect those individuals with tort claims against the United States, by creating a defined window during which tort claims may be adjudicated. Equitable tolling does not apply to FTCA claims. Even if it did, the facts, viewed in the light most favorable to Ms. Alsup's claims, do not support any right to equitable tolling.

Unfortunately for Ms. Alsup, when she voluntarily dismissed the Initial Complaint her right to pursue her claims and this Court's jurisdiction were lost. The last day she could sue the United States was February 13, 2003. Therefore,

---

[16] *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990) (discussing federal government's waiver of sovereign immunity for Title VII claims).

[17] *Id.* at 92.

IT IS HEREBY ORDERED that the United States' Motion to Dismiss [Docket No. 3] is GRANTED.  The Clerk of the Court is directed to close the case.

DATED September 14, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge